U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

MAR 15 2007

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT D. MCKEE, ET AL** | : | **DOCKET NO. 06-1241** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **HANOVER INSURANCE CO. AND J. MICHAEL MICHALAK** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Before the Court is "Defendant J. Michael Michalak's Motion to Dismiss" (doc. #18) wherein the mover seeks an order dismissing Plaintiffs' claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have filed no opposition to the motion. For the following reasons, the motion will be granted dismissing all claims against this defendant.

## FACTUAL STATEMENT

Plaintiffs make the following allegations in their Complaint. Plaintiffs own a commercial building complex located in Lake Charles, Louisiana. The building was heavily damaged by Hurricane Rita in September 2005. The building was insured by The Hanover Insurance Company ("Hanover") at the time of the storm. Plaintiffs timely submitted a written claim and proof of loss. Plaintiffs complain that Hanover unreasonably delayed payment by changing adjusters and requesting information from Plaintiffs that was furnished on several occasions.

Defendant, J.Michael Michalak, is an independent adjuster who worked for Hanover and began adjusting Plaintiffs' claim around March 2006. Plaintiffs complain that Michalak failed to properly adjust their claim insofar has Michalak failed to acknowledge or honor the claims submitted

by them. In addition to damages, Plaintiffs seek penalties and attorney fees pursuant to Louisiana Revised Statutes 22:658 and 22:1220.

## RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in plaintiff's favor.[1] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[2] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[3] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[4]

## LAW AND ANALYSIS

Michalak maintains that Plaintiffs' claims against him for penalties and attorneys fees pursuant to Louisiana Revised Statutes 22:658 and 22:1220 must be dismissed because these statutory provisions apply only to insurance companies. The Court agrees. Louisiana jurisprudence

---

[1] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n.* 987 F.2d 278, 284 (5th Cir. 1993); *Brumberger v. Sallie Mae Servicing Corp.*, 2003 WL 1733548, *1 (E.D. La. March 28, 2003).

[2] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[3] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

[4] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

has determined that these statutes apply only to insurers.[5] Accordingly, any such claims defendant, Michalak, pursuant to these statutes will be dismissed.

Michalak maintains that to the extent the Complaint alleges a breach of contract claim against him, such claim must be dismissed because of lack of privity. The contract in the instant matter is a insurance policy issued by Hanover to Plaintiffs. Michalak is not a party to the contract. To assert a cause of action for breach fo contract, a party must prove both the existence of a contract and privity of that contract.[6] The Complaint does not allege that Michalak was a party to the insurance contract. Accordingly, any claim for breach of contract against Michalak will be dismissed.

Michalak maintains that to the extent that the Complaint alleges a tort claim against him as an agent of Hanover, he cannot be held liable. The Court agrees. Louisiana jurisprudence holds that "[o]fficers, employees and agents owe no duties to third parties, and cannot be found liable to third parties for their negligent acts and omissions in a commercial context."[7] Furthermore and more specifically, Louisiana courts have consistently held that no cause of action lies in tort against an insurance adjuster.[8] Accordingly, any tort claim must be dismissed also.

---

[5] See *Motin v. Travelers Ins. Co.*, 2003 WL 22533673 (E.D. La. 2003); *M&M Towing Co. v. United Capitol Ins. Co.*, 1998 WL 169694, at *1 (E.D. La. 1998); *Riley v. Transamerica Ins. Group*, 923 F.Supp 882, 888 (E.D. La. 1996); *Coubarous v. Hertz Corp.*, 1992 WL 395508 (E.D. La. 1992).

[6] *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 888 (5th Cir. 2002).

[7] *Goodwin v. Agrilite of La.*, 643 So.2d 249, 253 (La.App. 2d Cir. 1994); *Korson v. Independence Mall I, Ltd.*, 595 So.2d 1174, 1178 (La.App. 5th Cir. 1992).

[8] *RDS, Inc. v. GAB Robins N. America, Inc.*, 2005 WL 2045956 (W.D. La. 2005); *Motin*, 2003 WL 22533673, at *3; *M&M Towing*, at *1; *Rich v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, at *3 (E.D.La. 1997).

## CONCLUSION

Based on the foregoing, the motion to dismiss will be granted dismissing all claims against defendant, J. Michael Michalak.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 15th day of March, 2007.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE